J-S78018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME BLANCHETT | |
| Appellant | No. 816 MDA 2014 |

Appeal from the PCRA Order April 14, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004472-2008,
CP-22-CR-0004473-2008, CP-22-CR-0004477-2008

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:  **FILED DECEMBER 17, 2014**

Jerome Blanchett ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On April 2, 2009, a jury convicted Appellant of four counts of robbery,[1] three counts of criminal conspiracy to commit robbery,[2] and two counts of aggravated assault.[3]  On April 22, 2009, the trial court sentenced Appellant to an aggregate sentence of 52 to 104 years' incarceration.

---

[1] 18 Pa.C.S. § 3701.

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 2702.

On April 29, 2009, Appellant filed a Motion for Modification of Sentence, which the trial court denied on May 7, 2009. Appellant appealed, and this Court affirmed on April 16, 2010. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 13, 2010.

On January 19, 2011, Appellant filed a Motion to Withdraw Plea, which the lower court treated as a PCRA petition. The PCRA court appointed counsel and directed counsel to file an amended PCRA petition on Appellant's behalf. Following a number of extensions, on November 9, 2011, PCRA counsel filed a *Turner/Finley*[4] no merit letter in the form of a motion to withdraw. The PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss the petition on November 10, 2011, and dismissed the petition on December 6, 2011. Appellant did not appeal.

On February 7, 2014, Appellant filed the instant PCRA petition, his second. On March 19, 2014, the PCRA court filed a Memorandum Opinion and Order notifying Appellant of the court's intent to dismiss the petition in accordance with Pa.R.Crim.P. 907. On April 14, 2014, the PCRA court dismissed Appellant's second PCRA petition. Appellant filed his notice of appeal together with his Pa.R.A.P. 1925(b) statement on May 8, 2014. The PCRA court filed its Pa.R.A.P. 1925(a) opinion on July 3, 2014.

On appeal, Appellant presents the following issues for our review:

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa.1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

1.    Whether the Appellant is entitled to a discharge, or any alternative relief with respect to his convictions because the trial court failed to provide a Signed Written Judgment of Sentencing Order?

2.    Whether Trial counsel provided ineffective assistance during sentencing proceedings, failing to preserve this claim, and PCRA counsel was ineffective for failing to raise the ineffective assistance of direct appeal and trial counsels?

3.    Whether the trial/PCRA judge denied appellant his right to due process of law and to a fair PCRA proceeding in violation of Code of Judicial Conduct Canons 1, and 2(A)?

4.    Whether the Pennsylvania Superior Court have the Judicial Authority allowing Appellant to raise newly discovered evidence issues in his brief?

Appellant's Brief, p. 5 (verbatim).

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition. "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (*citing* *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A

judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008). Further,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Hernandez*, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition. A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Austin*, 712 A.2d 375, 377 (Pa.Super.1998); *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". *Williams*, 660 A.2d at 618.

On September 13, 2010, our Supreme Court denied Appellant's petition for allowance of appeal from this Court's affirmation of his judgment of sentence. Appellant did not file for a writ of *certiorari* to the Supreme Court of the United States, and his sentence became final at the expiration of his time to seek review ninety days later, on December 13, 2010.[5] *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct. Rule 13. Accordingly, Appellant had until December 13, 2011 to timely file a PCRA petition.

---

[5] The ninetieth day technically fell on December 12, 2010, a Sunday. Accordingly, Appellant had until the following business day, Monday, December 13, 2011, to timely file for a writ of *certiorari* to the Supreme Court of the United States. *See* U.S. Sup.Ct. Rule 30.

Appellant filed the instant petition on February 7, 2014, over two years after the expiration of his PCRA time limitation. Accordingly, Appellant's petition is facially untimely. Thus, he must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant's instant PCRA petition, however, makes no attempt to plead or prove any of the three limitations exceptions. To the extent Appellant's brief refers to the PCRA's newly discovered evidence time bar exception, Appellant was required to plead and prove the time bar exception in his PCRA petition. **See Abu-Jamal**, 941 A.2d at 1268. The PCRA petition itself includes no discussion whatsoever of the applicability of any of the PCRA's time bar exceptions. Instead, Appellant waited until his appellate brief to plead a Section 9545(b)(1)(ii) time bar exception.[6] **See** Appellant's Brief, pp. 5, 10. As a result, Appellant has waived this time-bar-exception claim. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super.2007) ("exceptions to the [PCRA] time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal"); **see also** Pa.R.A.P. Rule 302(a) (issues not raised in the lower

_____

[6] To overcome the PCRA's time bar, Appellant's brief states as follows:

> [Appellant] invokes the exception set forth in title 42 Pa.C.S. § 9545(b)(1)(ii), the newly discovered facts exception. Petitioner is correct.

Appellant's Brief, p. 10.

court are waived and cannot be raised for the first time on appeal). Accordingly, the petition remains time-barred.

Additionally, the sole claim contained in the instant PCRA petition – that Appellant's due process rights were violated by the trial court's failure to enter a written judgment of sentence order[7] – neither implicates Appellant's actual innocence nor raises the possibility that the proceedings were so unfair that a miscarriage of justice which no civilized society can tolerate occurred. **See Williams**, **supra**.

Further, although our decision does not require a review of Appellant's underlying claims, we have studied the records and the briefs in this matter, as well as the applicable law. After careful review, we conclude that the Pa.R.A.P. 1925(a) opinion authored by the Honorable John F. Cherry correctly explains that the PCRA petition's underlying claim is untimely and otherwise meritless. **See** PCRA Court Opinion, July 3, 2014, pp. 4-7. The PCRA court's discussion requires no expansion.

Because Appellant filed the instant PCRA petition over two years after the expiration of the limitations period and cannot avail himself of any of the PCRA's time bar exceptions, the PCRA court did not err in dismissing this petition as untimely.

---

[7] **See** PCRA petition, February 7, 2014, p. 2.

- 7 -

Order affirmed. Appellant's September 10, 2014 application for remand denied.[8]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2014

---

[8] Appellant's application for remand seeks remand so that Appellant might raise a claim that "the sentencing judge's actions were inconsistent with the provisions of the sentencing code and was contrary to the fundamental norms that underlie the sentencing process." Motion for Remand, p. I. Appellant attempts to somehow attach this discretionary aspects of sentencing claim to the Supreme Court of the United States' decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), wherein the Supreme Court held that a fact that, by law, increases a penalty is an element of the crime that must be determined by the jury beyond a reasonable doubt. **See** Motion for Remand, p. 4. We note, however, that Appellant has already litigated his sentencing claim on direct appeal. **See Commonwealth v. Blanchett**, 996 MDA 2009 (April 16, 2010) (unpublished memorandum). Further, his sentence does not implicate **Alleyne** because it did not involve the imposition of any mandatory minimum sentence. Finally, we note that neither the Supreme Court of the United States nor the Pennsylvania Supreme Court has held **Alleyne** to apply retroactively to matters on collateral appeal.

COMMONWEALTH OF PENNSYLVANIA     :   IN THE COURT OF COMMON PLEAS
                                             :   DAUPHIN COUNTY, PENNSYLVANIA
                                             :

                      vs.                     :   NO. 4472 CR 2008; 4473 CR 2008;
                                             :       4477 CR 2008
                                             :

JEROME BLANCHETT                          :   CRIMINAL MATTER

### TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

Presently before the Superior Court is the appeal of Jerome Blanchett (hereinafter "Appellant") from this Court's April 14, 2014 Order wherein we denied Appellant's Post Conviction Relief Act, (hereinafter "PCRA") petition.

### Procedural History

In this case, Appellant was charged with four counts of robbery, three counts of criminal conspiracy to commit robbery, two counts of aggravated assault and theft by receiving stolen property. The Commonwealth withdrew the charge of theft by receiving stolen property. After a jury trial which began on March 30, 2009, the jury returned a guilty verdict on all charges on April 2, 2009. Sentencing was deferred until April 22, 2009, and the county was ordered to produce a pre-sentencing report. Thereafter, on April 22, 2009, Appellant was sentenced as follows:

Docket Number 4472 CR 2008

      Count One: Robbery - Ten (10) to twenty (20) years in a State Correctional Institution, a fine of $1,000 and the costs of the proceedings;

      Count Two - Criminal Conspiracy to Commit Robbery: Five (5) to ten (10) years in a State Correctional Institution to run consecutive to Count One, a fine of $500 and the costs of the proceedings;

5 - 44

Count Three - Aggravated Assault: Five (5) to ten (10) years in a State Correctional Institution to run consecutive to Count One, a fine of $500, and the costs of the proceedings;

Docket Number 4473 CR 2008

Count One – Robbery: Two (2) to four (4) years in a State Correction Institution consecutive to Docket Number 4472 CR 2008, a fine of $500 and the costs of the proceedings;

Count Two - Criminal Conspiracy to Commit Robbery: Two (2) to four (4) years in a State Correctional Institution to run consecutive to Count One, a fine of $500, and the costs of the proceedings;

Docket Number 4477 CR 2008

Count One – Robbery: Ten (10) to twenty (20) years in a State Correctional Institution to run consecutive to Docket Number 4473 CR 2008, a fine of $1,000 and the costs of the proceedings;

Count Two – Robbery: Ten (10) to twenty (20) years in a State Correctional Institution to run consecutive to Count One, a fine of $1,000 and the costs of the proceeding;

Count Three – Criminal Conspiracy: Six (6) to twelve (12) years in a State Correctional Institution to run concurrent with Count One, a fine of $500, and the costs of the proceedings;

Count Four: Aggravated Assault – Eight (8) to sixteen (16) years in a State Correctional Institution to run consecutive to Count Two, a fine of $500, and the costs of the proceeding.

Collectively, Appellant was sentenced to an aggregate of fifty-two (52) to one hundred four (104) years in a State Correctional Institution. Appellant received time credit from May 7, 2008 to March 6, 2009 and from March 27, 2009 to April 22, 2009.

Appellant filed a Motion for Modification of Sentence on April 29, 2009. This Court denied that motion on May 7, 2009. Appellant filed a Notice of Appeal on June 4, 2009. On June 10, 2009, this Court directed Appellant to file a Statement of Errors Complained of on Appeal within twenty-one (21) days of that Order. Appellant filed a timely statement on June

2

25, 2009. On April 16, 2010, our Superior Court affirmed this Court's Order from which Appellant appealed. Then, our Supreme Court denied Appellant's petition for allowance of appeal on September 13, 2010. On February 3, 2011, this Court appointed William Shreve, Esquire to serve as Appellant's PCRA counsel and directed Attorney Shreve to file a Supplemental Petition under the PCRA within thirty (30) days. On June 10, 2011, a thirty (30) day extension of time to file a Supplemental Petition under the PCRA was granted. This Court subsequently granted several extensions and on November 10, 2011, Attorney Shreve filed a Motion to Withdraw as Counsel based upon his finding that Appellant's allegations of error lacked merit. On December 6, 2011, this Court dismissed Appellant's PCRA petition. Appellant filed an Application for Leave to Proceed In Forma Pauperis on February 7, 2014. On February 7, 2014, Appellant filed his second PCRA petition. On March 19, 2014, this Court filed a Memorandum Opinion and Order notifying Appellant of our intention to dismiss his petition. This Court dismissed Appellant's PCRA petition on April 14, 2014. Thereafter, Appellant filed a Notice of Appeal from this Court's April 14, 2014 Order on May 8, 2014 along with a concise statement of errors complained of on appeal. Since Appellant already provided a concise statement, this Court did not enter an Order pursuant to Pa. R.A.P. 1925(b).

## Factual Background

The facts giving rise to this appeal have been discussed at length in this Court's Memorandum Opinion entered on August 14, 2009, which we incorporate by reference.

## Appellant's Statement of Errors Complained of Upon Appeal Pursuant to Pa.R.A.P. 1925(b)

In his statement of errors complained of on appeal, Appellant first claims that he is entitled to have his convictions discharged because this Court failed to provide a "Signed Written

3

Judgment of Sentencing Order." (Statement of Matters, 1). Specifically, Appellant argues that "an oral pronouncement of a sentence is not a sentence imposed until it is incorporated in a signed written judgment," and this Court "failed to enter into [this] Court's file a signed written judgment of sentence Order in violation of Pa.R.Crim.P. 114.

Second, Appellant argues that trial counsel provided ineffective assistance during sentencing proceedings for failing to preserve this claim, and additionally, that PCRA counsel was ineffective for failing to raise an ineffective assistance claim with regard to the assistance of trial and appellate counsel. (Statement of Matters, 2).

Finally, Appellant argues that this Court denied Appellant his right to due process in denying him the right to a PCRA hearing, which Appellant further argues is a violation of the Code of Judicial Conduct, Canons 1 and 2(a). (Statement of Matters, 3).

## DISCUSSION

To be eligible for relief under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime . . . (2) that the conviction or sentence resulted from one or more of the following: (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent; (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court;... (vi) The imposition of a sentence greater than the lawful maximum; (vii) A proceeding in a

4

tribunal without jurisdiction; (3) That the allegation of error has not been previously litigated or waived; (4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a). However, petitioner must file his PCRA within one (1) year of the date that the judgment becomes final. 42 Pa.C.S. §9545(b)(1). A judgment becomes final "at the conclusion of direct review . . . or at the expiration of time for seeking direct review." 42 Pa.C.S. §9545(b)(3).

There are three (3) exceptions to the one-year filing limitation: The first exception applies if the failure to raise the claim previously was the result of the interference of government officials; the second exception is applicable if the facts of the petition were not known, and could not have become known, to the Petitioner within the one-year limitation; and the third exception applies if the Petitioner invokes a constitutional right that has been held to apply retroactively by either the United States Supreme Court or by the Pennsylvania Supreme Court. 42 Pa.C.S. §9545(b)(1)(i), (ii), and (iii). We find that none of the three exceptions are applicable to this case.

Pennsylvania Rule of Criminal Procedure 114(a)(1) dictates that all orders and court notices promptly shall be transmitted to the clerk of courts'office for filing. The rule further dictates that orders and court notices promptly shall be placed in the criminal case file. Pa.R.Crim.P. 114(a)(2).

In reviewing a claim of ineffectiveness of counsel, we begin with the presumption that trial counsel rendered effective assistance. Commonwealth v. Lesko, 744 A.3d 345, 374 (Pa. 2011). In Pennsylvania, the determination of ineffective assistance of counsel is a three-prong test. Specifically, a petitioner must show that (1) the underlying claim is of arguable merit, (2)

5

no reasonable basis existed for counsel's action or inaction, and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987).

Appellant's judgment of sentence became final when our Supreme Court denied Appellant's petition for allowance of appeal on September 13, 2010. Accordingly, any petition pursuant to the PCRA would have had to be filed by September 13, 2011. Since Appellant's PCRA petition was not filed until February 7, 2014, it did not meet the one-year filing requirement pursuant to 42 Pa.C.S. §9545(b)(1). However, even if Appellant's petition was timely filed, his arguments lacked merit.

First, Appellant claims that he is entitled to have his convictions discharged because this Court failed to provide a "Signed Written Judgment of Sentencing Order."

As this Court previously noted in addressing this identical argument as it was set forth in Appellant's PCRA petition, "[Appellant] seems to be arguing that because the Records Supervisor of the State Correctional Institution at Houtzdale was unable to locate the order in the institution's own records, this Court failed to enter such an order on the record. However, a search of [Appellant]'s criminal docket shows that this Court did in fact enter a judgment of sentence order on April 22, 2009. Since there was a judgment of sentence order filed on the record, this argument lacks merit." (Memorandum Opinion, March 19, 2014, 5).

Second, Appellant argues that trial counsel provided ineffective assistance during sentencing proceedings for failing to preserve the claim that this Court did not enter a sentencing Order. Appellant further argues that his PCRA counsel was ineffective for failing to raise a claim of ineffective assistance regarding trial and appellate counsel.

6

This Court has found that Appellant's argument that this Court did not enter a sentencing Order is without any arguable merit. Since this claim lacked merit, counsel would have had no reasonable basis to pursue this argument at any point. Finally, the fact that counsel did not pursue this argument did not prejudice Appellant and even if it were pursued, the result would not have been any different. For these reasons, this Court finds that Appellant received effective assistance of counsel throughout the proceedings in this case.

Finally, Appellant argues that this Court denied Appellant due process in failing to hold PCRA proceedings in response to Appellant's PCRA petition. Appellant further argues that in denying PCRA proceedings, this Court violated the Code of Judicial Conduct when this Court failed to comply with Pennsylvania Rule of Criminal Procedure 905(a) and (b). This rule dictates:

(a). The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.

(b). When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.

Pa.R.Crim.P. 905. As this Court stated in its March 19, 2014 Memorandum Opinion, Appellant failed to meet the one year filing requirement pursuant to the PCRA. Additionally, Appellant failed to assert any cognizable exception to the one year filing requirement. It is for these reasons that this Court provided notice of our intention to dismiss Appellant's PCRA and later dismissed Appellant's PCRA. Appellant's PCRA petition was untimely and meritless. It was not defective and therefore it would have been improper for this Court to order Appellant to amend his petition. Accordingly, we ask the Superior Court of Pennsylvania to affirm our April 14, 2014 Order, and to dismiss the appeal in this matter.

7

Respectfully submitted:

John F. Cherry, Judge

Dated _July 2, 2014_

Distribution: 7-3-14 @ 12:04pm

The Superior Court of Pennsylvania   Mail
Dauphin County District Attorney's Office   1|0
Jerome Blanchett, JB-5256, SCI Houtzdale, P.O. Box. 1000, Houtzdale, PA 16698-1000   Mail
Robert Sisock, Deputy Court Administrator   1|0
Clerk of Courts
Judge Cherry   1|0

8